UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

JAN BENSON SEGAL,

    Plaintiff,

vs.

BRE/WELLESLEY PROPERTIES LLC
d/b/a LA QUINTA 7709,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JAN BENSON SEGAL, individually, on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues Defendant, BRE/WELLESLEY PROPERTIES LLC d/b/a LA QUINTA 7709, a Foreign Corporation (hereinafter "Defendant"), and as grounds allege:

JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JAN BENSON SEGAL, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, BRE/WELLESLEY PROPERTIES LLC d/b/a LA QUINTA 7709 was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Miami Lakes, Miami-Dade County, Florida.

6. At all times material, Defendant BRE/WELLESLEY PROPERTIES LLC d/b/a LA QUINTA 7709 operated, owned, or leased a hotel located at 7925 Northwest 154th Street, Miami Lakes, FL 33016.

7. Venue is properly located in the Southern District of Florida because Defendant's property is located in and does business within Miami Lakes, Miami-Dade County, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

8. Plaintiff, JAN BENSON SEGAL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff has cerebral palsy, is wheelchair bound, and unable to ambulate without a motorized device. Plaintiff is limited in major life activities by such disabilities, including but not limited to walking, standing, grabbing, grasping and/or pinching.

9. Plaintiff has visited the property located at 7925 Northwest 154th Street, Miami Lakes, FL 33016, which forms the basis of this lawsuit. Plaintiff intends to return to the property to avail himself of the goods and services offered to the public at the property; Plaintiff is

domiciled in the same state as the property, resides within twenty miles of the property, visits the vicinity several times a year, and intends to return to the property within four month's time.  The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue her patronage and use of the premises.

10. The barriers to access at Defendant's property have denied or diminished Plaintiff's ability to visit the property and endangered her safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

11. Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendants own, operate, lease or lease to, is known as a La Quinta hotel (hereinafter "LA QUINTA") located at 7925 Northwest 154th Street, Miami Lakes, FL 33016.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 14 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit the LA QUINTA, not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. Defendant has discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

14. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the LA QUINTA hotel has shown that violations exist. These violations include, but are not limited to:

### **Parking**

A. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG whose resolution is readily achievable.

B. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

C. In this parking area, there are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 (5) and 4.8.1 of the ADAAG whose resolution is readily achievable.

D. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4,6.2 and 4.8.3 of the ADAAG whose resolution is readily achievable.

E. The accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG, whose resolution is readily achievable.

F. Some of the disabled use spaces have an uneven surface in violation of Section 4.5.3 of the ADAAG, whose resolution is readily achievable.

G. There are insufficient "van accessible" spaces, violating Sections 4.1.2 (5)(b) of the ADAAG, whose resolution is readily achievable.

### **Entrance Access and Path of Travel**

H. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2 of the ADAAG, whose resolution is readily achievable.

I. There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG, whose resolution is readily achievable.

J. The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.

K. The ramps at the facility do not provide handrails as prescribed in Section 4.8.5 of the ADAAG, whose resolution is readily achievable.

L. There are curb ramps at the facility that contain excessive slopes and side slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

M. There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG, whose resolution is readily achievable.

N. The curb ramp at the facility has an uneven surface that does not comply with Section 4.7.4 and 4.5 of the ADAAG, whose resolution is readily achievable.

O. The access isle leads to a sidewalk that does not contain a curb ramp in violation of Section 4.7 of the ADAAG, whose resolution is readily achievable.

P. There are changes in levels of greater than 1/2 inch, on the accessible route to the public street violating Section 4.3.8 and 4.5.2 of the ADAAG, whose resolution is readily achievable.

Q. The maneuvering clearances and sloped entrance at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 of the ADAAG, whose resolution is readily achievable.

R. There are no accessible routes from accessible parking areas. There are violations of the requirements In Sections 4.3.2 (1) of the ADAAG, whose resolution is readily achievable.

S. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

T. The stairs provided at the facility do not have the proper cane detection barrier to warn blind or visually impaired persons and does not comply with the standards prescribed in Section 4.4.2 of the ADAAG, and whose resolution is readily achievable.

U. There are no detectable warnings on the curb ramps at this facility in violation of Sections 4.7.7 and 4.29 of the ADAAG, and whose resolution is readily achievable.

V. There are ramps provided from the parking areas to the facility that have cross-slopes in excess of the limits prescribed in Section 4.8 of the ADAAG, and whose resolution is readily achievable.

**Accessible Guest Rooms**

W. There is no clear path of travel provided between all elements in the disabled room. This is in violation of Sections 4.3 and 9 of the ADAAG whose resolution is readily achievable.

X. The rooms designated for disabled use do not provide a compliant roll-in shower for use by the disabled, violating Section 9 of the ADAAG whose resolution is readily achievable.

15. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the LA QUINTA hotel located at 8255 Dixie Ellis Trail, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN BENSON SEGAL, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  November 7, 2011.

        Respectfully submitted,

        By:    <u>/s/ Daniel B. Reinfeld</u>
               DANIEL B. REINFELD, ESQ.
               Florida Bar No.:  174815
               DILL & REINFELD, PLLC
               Wachovia Financial Center
               1909 Tyler Street, Suite 405
               Hollywood, FL 33020
               Direct: (954) 558-8139
               Facsimile: (954) 628-5054
               E-Mail: dan@reinfeldlaw.com